IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA MCGRAW FULLER, Individually and as Representative of Estates of Edward T. McGraw and Doris McGraw, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-04-3580 |
| CITY OF HOUSTON, TEXAS, and OFFICER BRENT W. FOLTZ., | § § § | |
| Defendants. | | |

## ORDER

Pending before the Court is Defendant City of Houston and Brent Foltz's Motion for Summary Judgment (Document No. 26). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

## BACKGROUND

On or about August 14, 2002, Edward McGraw ("McGraw") entered a convenience store in Houston, Texas after being accosted. After McGraw entered the store, City of Houston Police Officer Brent Foltz ("Foltz") noticed scrapes on McGraw's arms and called an ambulance. The parties' renditions of the events that unfolded after Foltz called the ambulance differ. Nevertheless, both parties agree that

after the ambulance arrived a struggle ensued between Foltz and McGraw, Foltz restrained McGraw in handcuffs and placed him on the ground, and McGraw thereafter became unconscious and ultimately died.

Relying on Texas wrongful death and survival statutes, McGraw's sister Barbara McCraw Fuller ("Fuller"), in her individual capacity and in her capacity as representative of the estates of Edward McGraw and Doris McGraw, filed an action against the City of Houston and Foltz in the 164th Judicial District Court of Harris County, Texas.[1] In her state court petition, Fuller asserts Foltz's actions violated McGraw's constitutional rights and brings claims under, *inter alia,* 42 U.S.C. §§ 1983 and 1988. On September 13, 2004 Defendants removed the action to this Court. On March 15, 2005, Defendants filed the instant motion for summary judgment alleging Fuller lacks standing to bring this action.

## LAW AND ANALYSIS

***Wrongful Death Claims***

Defendants first argue Fuller lacks standing to bring a wrongful death action. Pursuant to 42 U.S.C. § 1988, the Court must look to Texas state law to determine whether Fuller has standing to assert wrongful death claims under 42 U.S.C. § 1983.

---

[1] Doris McGraw, now deceased, is McGraw's mother. It is unclear from the parties' submissions whether Doris McGraw was alive at the time of the events in question.

*See Aguillard v. McGowen,* 207 F.3d 226, 231 (5th Cir. 2000). The Texas wrongful death statute provides that only the decedent's spouse, children, and parents may bring an action for wrongful death. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.004 (Vernon 1997). Further, "[a] cause of action for wrongful death ceases to exist upon the death of a named beneficiary." *Johnson v. City of Houston,* 813 S.W.2d 227, 229 (Tex. App.– Houston [14th Dist.] 1991, writ denied). In other words, a wrongful death claim does not pass to the estate of an individual that, if alive, would have standing to assert a wrongful death claim. *See id.*

Here, Fuller is McGraw's sister and therefore not within the class of individuals with standing, in her individual capacity, to bring an action for McGraw's wrongful death. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.004. Further, because a wrongful death cause of action ceases to exist upon the death of a named beneficiary, Fuller has no standing to assert a claim on behalf of the Estate of Doris McCraw, even though Doris McGraw, as McGraw's mother, would have had standing to assert such a claim. *See Coffey v. Johnson,* 142 S.W.3d 414, 417 (Tex. App.– Eastland 2004, pet. denied)(holding that wife's right to sue for husband's wrongful death did not pass to wife's estate upon her death). Therefore, Fuller cannot assert a wrongful death cause of action in her capacity as administrator of Doris McGraw's estate. *Id.* Accordingly, summary judgment is granted with respect to Plaintiff's wrongful death claims because

Fuller lacks standing to assert such claims in any capacity.

*Survival Claims*

Defendants next argue Fuller lacks standing to assert a survival action. A survival action is one that involves damages personal to the decedent. *Clift by Clift v. Fincannon,* 657 F. Supp. 1535, 1540 (E.D. Tex. 1987). Under § 1988, the Court must look to Texas law to determine if Fuller has standing to assert a survival action under § 1983. *See Aguillard,* 207 F.3d at 231. Texas law provides: "A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person . . . A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (Vernon 1997). After examining the evidence before the Court, the Court cannot conclude that Fuller lacks standing under Texas law to advance claims for personal injury to McGraw. Given the foregoing, the Court hereby

ORDERS that summary judgment is GRANTED with respect to Plaintiff's wrongful death causes of action. All Plaintiff's wrongful death claims are DISMISSED. The Court further

ORDERS that all other relief requested by Defendants is DENIED.

4

SIGNED at Houston, Texas, on this 30th day of August, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge